UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS,<br><br>       Plaintiff,<br><br>   vs.<br><br>K. HARRINGTON, et al.,<br><br>       Defendants. | 1:11-cv-01262-GSA-PC<br><br>ORDER VACATING ORDER DISMISSING CASE AND JUDGMENT<br>(Docs. 10, 11.)<br><br>ORDER FOR CLERK TO REOPEN CASE<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT<br>(Doc. 12.)<br><br>THIRTY DAY DEADLINE |

**I.    BACKGROUND**

John W. Williams ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 1, 2011. (Doc. 1.) On August 10, 2011, Plaintiff consented to Magistrate Judge jurisdiction in this action under 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On February 14, 2014, the court screened the Complaint under 28 U.S.C. §1915A and entered an order requiring Plaintiff to either file an amended complaint or notify the court of his willingness to proceed with the claims found cognizable by the court, within thirty days. (Doc. 8.) On March 20, 2014, the court dismissed this case and entered judgment, based on Plaintiff's failure to comply with the thirty-day deadline in the court's order. (Docs. 10, 11.)

On March 20, 2014, Plaintiff filed a motion for extension of time to file an amended complaint. (Doc. 12.)

## II.  DISCUSSION

Plaintiff shows good cause for the court to grant him an extension of time to file an amended complaint. Moreover, a review of the record shows that under the mailbox rule, Plaintiff's motion for extension of time was timely filed, before the deadline to file the amended complaint had expired. Under the mailbox rule of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988), a pro se prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009). While Plaintiff's motion for extension of time was filed by the Clerk on March 20, 2014, one day *after* the thirty-day deadline expired,[1] Plaintiff's proof of service shows that he mailed the motion to the court from California State Prison-Lancaster on March 10, 2013, well *before* the thirty-day deadline had expired. (Doc. 12 at 3.) Therefore, Plaintiff's motion is deemed timely filed under the mailbox rule.

Because Plaintiff's motion was timely filed, Plaintiff did not fail to comply with the court's thirty-day deadline. Therefore, the court's order dismissing this action for failure to comply with the court's deadline shall be vacated, and Plaintiff's motion for extension of time shall be granted.

///

---

[1] Pursuant to Rule 6(d), "When a party may or just act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).) Fed. R. Civ. P. 6(d). The court's order granted Plaintiff thirty days from the date of service of the order in which to file an amended complaint, and the order was served on February 14, 2014. (Doc. 8.) Thus, Plaintiff had until 33 days after February 14, 2014, or until March 19, 2014, to file the amended complaint.

### III. CONCLUSION

In light of the foregoing, IT IS HEREBY ORDERED that:

1. The court's order of March 20, 2014, which dismissed this action, is VACATED;
2. The judgment entered on March 20, 2014, in this action is VACATED;
3. The Clerk is DIRECTED to reopen this case;
4. Plaintiff's motion for extension of time, filed on March 20, 2014, is DEEMED timely filed;
5. Plaintiff is GRANTED thirty days from the date of service of this order in which to file an amended complaint pursuant to the court's order of February 14, 2014; and
6. Plaintiff's failure to comply with this order shall result in the dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **April 2, 2014**                                    **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE