UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS, | 1:11-cv-01262-GSA-PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO COMPLY WITH COURT ORDERS |
| vs. | |
| K. HARRINGTON, et al., | (Docs. 8, 13.) |
| Defendants. | ORDER FOR CLERK TO CLOSE CASE |

**I.   BACKGROUND**

John W. Williams ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 1, 2011. (Doc. 1.) On August 10, 2011, Plaintiff consented to Magistrate Judge jurisdiction in this action under 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On February 14, 2014, the court screened the Complaint under 28 U.S.C. §1915A and entered an order requiring Plaintiff to either file an amended complaint or notify the court of his willingness to proceed with the claims found cognizable by the court, within thirty days. (Doc. 8.) On April 2, 2014, the court granted Plaintiff a thirty-day extension of time to comply with

the court's order. (Doc. 13.) Plaintiff's deadline has now expired, and Plaintiff has not filed an amended complaint, filed a notice, requested further extension of time, or otherwise responded to the court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since August 1, 2011. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by amending his complaint or notifying the court he wishes to proceed. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to respond to the Court's order that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is DISMISSED without prejudice, based on Plaintiff's failure to obey the court's orders of February 14, 2014 and April 2, 2014; and

2. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 23, 2014**                              **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE